CURTIS BRYANT, BARBARA BRYANT, WARD BROWNE,
DAVID IRVINE, KEITH BURBRIDGE, RITA BURBRIDGE,
JOHN ROSE, and GREG LEWIS, Plaintiffs,

v.

SOUTHWEST MARINE OF SAMOA, INC., VESSEL
SOUTHWEST MARINE CRANE BARGE, Its Engines, Tackle
and Gear, McCONNELL DOWELL COMPANY, McCONNELL
DOWELL COMPANY PONTOON RAFT VESSEL, Its Engines,
Tackle and Gear, and DOES I-XX, Defendants,

SOUTHWEST MARINE OF SAMOA, INC., Third-Party
Plaintiff,

v.

KOREA WONYANG FISHERIES CO., LTD., KOREAN TUNA
VENTURES S.A., STARKIST SAMOA, INC., STARKIST
FOODS, INC., and AMERICAN SAMOA GOVERNMENT,
Third-Party Defendants.

MCCONNELL DOWELL COMPANY and MCCONNELL
DOWELL COMPANYPONTOON RAFT VESSEL,
Cross-Complainants and Cross-Defendants,

v.

SOUTHWEST MARINE OF SAMOA, INC., Cross-Defendant and
Cross-Complainant.

High Court of American Samoa
Trial Division

CA No. 41-92

March 22, 1994

171

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, VAIVAO, Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala'ilima
For Defendant and Third-Party Plaintiff South West Marine of Samoa, Inc. and Defendant Southwest Marine Crane Barge, Robert A. Dennison III, Mary Cox and Marshall Ashley
For Defendants, Cross-Complainants and Cross-Defendants McConnell Dowell Company and McConnell Dowell Company Pontoon Raft Vessel, and Third-Party Defendants StarKist Samoa, Inc. and StarKist Foods, Inc., Roy J.D. Hall, Jr.
For Third-Party Defendant American Samoa Government, Cheryl A. Quadlander, Assistant Attorney General

Order Denying Motion for Reconsideration of Summary Judgments:

On October 25, 1993 this court issued its order granting the motions for summary judgments brought by defendants SouthWest Marine of Samoa, Inc., McConnell Dowell Company and McConnell Dowell Company Pontoon Raft Vessel. Plaintiffs' motion for reconsideration came regularly for hearing on November 22, 1993, at which plaintiffs asserted that the court made a number of errors in granting the summary judgment motions. We will address them in turn.

 Plaintiffs begin by submitting that the court did not apply the correct standard of review. Summary judgment is appropriate where the pleadings and supporting papers show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.C.R.C.P. 56. In ruling on such a motion, the court must view all pleadings and supporting papers in the light most favorable to the opposing party, *United States v. Diebold,* 369 U.S. 654 (1962), treat the opposing party's evidence as true, and draw from such evidence the inferences most favorable to that party. *Lokan v. Lokan,* 6 A.S.R.2d

44, 45 (1987). However, as the court stated in its order: "[I]f the proof in support of the motion . . . has a high degree of credibility the opponent must produce convincing proof." Order Granting Motions for Summary Judgment at 4, *citing* WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE, §§ 2727 at 143 (2d ed. 1983).

This standard has been articulated by the Supreme Court in what is commonly referred to as the *Celotex* trilogy. These cases stand for the proposition that an inadequate showing cannot defeat a moving party's competent motion for summary judgment. In *Celotex Corp. v. Catrett*, 91 L.Ed.2d 265, 275 (1986) (a wrongful death action), the court stated " . . . the burden on the moving party may be discharged by . . . pointing out . . . that there is an absence of evidence to support the nonmoving party's case." In *Anderson v. Liberty Lobby*, 91 L.Ed.2d 202, 212 (1986) (public figure libel action), the court defined a genuine issue of dispute as one in which " . . . a reasonable jury could return a verdict for the nonmoving party." The court elaborated: "As (cites omitted) indicate, there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is . . . not significantly probative, summary judgment may be granted." (cites omitted). And in *Matsushita Elec. Ind. v. Zenith Radio*, 89 L.Ed.2d 538, 552 (1986) (antitrust conspiracy case), the court stated: "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial'." (citing *First National Bank of Arizona v. Cities Service*, 20 L.Ed.2d 569 (1968)).

Since the *Celotex* trilogy, the above standard has been used throughout the federal system. *See Cal. Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466 (9th Cir. 1987) (RICO action); *In Re Agricultural Research and Technology Group*, 916 F.2d 528 (9th Cir. 1990) (bankruptcy action); *Stitt v. Williams*, 919 F.2d 516 (9th Cir. 1990) (RICO action). The standard elaborated herein is the correct one, and the one applied by the court. It remains one the plaintiffs simply fail to meet.

Defendants submitted affidavits, depositions and data of high credibility in support of their motions for summary judgment. The burden was then on the plaintiffs to offer convincing proof sufficient to create a factual dispute. This is the burden that has not been met. Plaintiffs have only offered unsubstantiated assertions and the single affidavit of Silia Patane. As the court stated in its order, a nonmoving party's single affidavit, if inadequate, may be insufficient opposition. Order Granting Motions for

Summary Judgment at 4, *citing Ashwell & Company v. Transamerica Insurance Company*, 407 F.2d 762 (7th Cir. 1956).

Plaintiffs also assert that the court made a number of specific errors in its order. First, plaintiffs claim that the court erred in characterizing Hurricane Val as extraordinary and unexpected, as the evidence shows hurricanes are not unusual in the territory. This line of reasoning suffers from the same flaw previously mentioned by the court. While defendants have advanced evidence supporting the characterization of this hurricane as an act of God, plaintiffs have countered this argument with nothing more than denials. These denials, however forceful, do not automatically entitle plaintiffs to a full trial on the merits.

■ Plaintiffs also take issue with the court's characterization of Patane's affidavit. The real issue here is that, faced with defendants credible and convincing evidence, plaintiffs needed to provide a minimum level of convincing proof. The court did not disregard plaintiffs' offering, nor did it summarily decide the case on the merits. Instead, the court searched for a minimum threshold offering by plaintiffs that has not been met. Plaintiffs' arguments to the contrary are without merit.

■ Finally, plaintiffs assert that the court's order summarily determines the standard upon which it based its decision, without a clear rationale for that standard. What the court said was that, when faced with an act of God (a characterization, we again note, not seriously disputed by plaintiffs), defendants do not have a novel obligation to protect others' vessels.

For the reasons stated herein, plaintiffs' motion for reconsideration is hereby denied.

It is so ordered.